**FILED**

JUL 17 2017

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Steven Deon Turner Jr.,                    )
                                           )
                    Petitioner,            )
                                           )
          v.                               )          Civil Action No. 17-1209 (UNA)
                                           )
                                           )
Paul A. Bacigalupo *et al.*,               )
                                           )
                    Respondents.           )

MEMORANDUM OPINION

Petitioner, a California state prisoner proceeding *pro se*, has filed a "Civil Complaint in the Form of a Habeas Corpus Demand for Jury Trial." Despite the improper conflation of actions, petitioner is essentially challenging his state convictions. *See People v. Turner*, No. B259916, 2016 WL 67356, at *1 (Cal. Ct. App. Jan. 5, 2016) (affirming convictions for shooting at an occupied motor vehicle, possession of a firearm by a felon, possession of ammunition, and resisting a peace officer). Such a challenge is the province of habeas corpus, which is codified at 28 U.S.C. §§ 2241-2255. A district court may grant a writ of habeas corpus only "within [its] respective jurisdiction[,]" *id.* § 2241, which is "where the prisoner both is physically present in the court's territorial jurisdiction and is detained or held in custody within that jurisdiction," *Harris v. United States*, 148 F. Supp. 3d 1 (D.D.C. 2015) (quoting *U.S. ex rel. Rudick v. Laird*, 412 F.2d 16, 20 (2d Cir. 1969)).

The habeas statute authorizes federal court review of state convictions under 28 U.S.C. § 2254 after the exhaustion of available state remedies. *See id.* §2254(b)(1). Thereafter, "an application for a writ of habeas corpus [ ] made by a person in custody under the judgment and sentence of a State court . . . may be filed in the district court for the district wherein such person

I

is in custody or in the district court for the district within which the State court was held which convicted and sentenced [petitioner] and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d). Petitioner has no recourse in this Court; therefore, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

DATE: July 13 , 2017

United States District Judge